200 So. 311

## HOUSING AUTHORITY OF NEW OR-LEANS v. MERRITT et al.

## In re ORIENTAL BAPTIST CHURCH OF CITY OF NEW ORLEANS.

No. 35990.

Jan. 6, 1941.

Rehearing Denied Feb. 3, 1941.

Lester Pailet and Elias Bowsky, both of New Orleans, for defendants in rule, appellants.

John Pat Little, of New Orleans, for plaintiffs in rule, appellees.

PONDER, Justice.

The Housing Authority of New Orleans expropriated a parcel of land and a church building thereon, the property of the Oriental Baptist Church in the City of New Orleans, together with other property to carry out a housing project. The amount awarded for the payment of the church property was $4,500, which was deposited with Louis Knop, Jr., the Civil Sheriff. By consent of all parties interested $2,-387.05 was paid to the Dryades Building and Loan Association and others out of this fund, leaving a balance of $2,112.95 remaining in the hands of the Civil Sheriff. On August 17, 1939, Rev. W. M. Grimble, pastor of the church, filed a petition in the lower court asking for the issuance of a rule directed to the Civil Sheriff, the Housing Authority, and eleven others, who it is alleged were illegally and wrongfully holding themselves out to be the officers, the board of directors, and the entire membership of the church, ordering them to show cause why the funds in the hands of the Civil Sheriff should not be paid over to the church through Rev. W. M. Grimble, its pastor and ex-officio president. The defendants in the rule, Ulmont Roussell and ten others, answered setting forth that they were the sole members of the church and that their board of directors was the only elected and qualified board authorized to accept the fund. The defendants asked that the rule be dismissed and the funds turned over to their duly elected board of directors. Upon trial of the rule the lower court gave judgment in favor of the plaintiff and ordered the funds turned over to Rev. W. M. Grimble, pastor and ex-officio president of the board of trustees of the church. From this judgment the defendants have appealed.

On July 6, 1914, the Oriental Baptist Church was incorporated by an act passed before Charles I. Denechaud, a notary public, which was duly recorded with the Recorder of Mortgages. In the charter it is provided that the affairs of the corporation shall be managed and administered by a board of seven directors, to be elected for five years by the ballot of the members of the church on the first Monday in January every five years. It provides that the officers shall be a president, a vice president, and a secretary and treasurer. These officers are to be elected by the board of directors for a period of five years except the president who shall be the pastor of the church. The first board of directors who were named in the charter are now

deceased. Sometime prior to December 29, 1936, the membership of the church was very small and was unable to support a pastor. The Olivett Baptist Church, another organization, was composed of a larger membership and the plaintiff in rule was its pastor, but this organization did not own a church building. By agreement between the two churches joint services were held in the church building owned by the Oriental Baptist Church, with the plaintiff in rule conducting the religious services, until December 29, 1936. It appears that the reason the joint services were agreed upon was because one of the churches owned the building but on account of the small membership was unable to support a pastor, while on the other hand the other church did not own a building but on account of its large membership retained the services of a pastor. By the joint services both organizations had the benefit of a pastor and a building to worship in. On December 29, 1936, the Oriental Baptist Church made a proposal to the Olivett Baptist Church that the two organizations be merged. This proposal was made because the Oriental Baptist Church was having considerable difficulty in meeting its obligations. There was a mortgage on the church building in favor of the Dryades Building and Loan Association for a considerable amount. By merging the churches it would combine the membership of the two organizations, thereby making it possible to meet the payments on the mortgage. In this proposal the plaintiff in rule was to take over and run the merged church and have the responsibility of meeting the ob-

ligations. The Olivett Baptist Church agreed to the merger. There is no dispute that there was an agreement to this effect but the defendants in rule contend that the merger was never actually confected. It is conceded that a meeting was called for this purpose and the members of both churches attended it, but the defendants contend that there was no formal action taken at this meeting to merge the churches. There is some conflict in the testimony but the preponderance of it shows that the merger was consummated. This conclusion is corroborated by a letter from the Dryades Building and Loan Association of December 31, 1936, addressed to the plaintiff in rule approving the merger. It is further corroborated by the fact that the plaintiff has been acting as pastor since that time and has attended to all the business affairs of the church as well as raising the money to meet the payments on the church. The charter of the church was amended after the merger, but for the purpose of this decision it is not necessary to recite the contents of the amendment. The church, since the merger, has operated under the guidance of the plaintiff with a board of directors other than the defendants. From the preponderance of the evidence in this case it appears that the churches were merged under the name of the Oriental Baptist Church. The Oriental Baptist Church was the only one of the two organizations that was incorporated. It appears that this is the reason why the merger was perfected by the Oriental Baptist Church taking over the entire membership of the Olivett Baptist Church. The merger was

perfected in this manner because the charter would not have to be changed and no re-incorporation required.

■ The appellants contend that they constitute the entire membership and officers of the Oriental Baptist Church. We find no records of the church in the evidence to support this contention. The testimony of the appellants, defendants, is conflicting and inconsistent. Several of the appellants are now members of churches other than those involved in the merger. Some of those claimed to be officers did not so testify when placed on the stand. Some testified that they were officers but knew absolutely nothing about how the affairs of the church were handled. Others did not take the stand and testify. Considering the conflicting character of their testimony with the other testimony in the record the contention is without merit.

■ The defendants contend that there was no merger of the churches. Under this contention they advance the argument that each member would have to be admitted into the church separately and not as a group. From the evidence in this case it appears that each of the organizations involved in the merger had sovereign powers in the management of its affairs. We do not find anything in the record going to show that the organizations involved in the merger did not have the power to merge in such a manner. We know of no authority to the contrary and none has been pointed out to us by the appellants.

■ Appellants contend that the amendment to the charter in 1938 was illegal.

There is no necessity for us to discuss the amendment to the charter because both the original charter and the amendment provide that the pastor of the church is the ex-officio president of the governing board.

■ Considering the evidence in this case we see no reason to disturb the judgment of the lower court.

For the reasons assigned the judgment is affirmed.

O'NIELL, C. J., does not take part.